IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| **MONICA LEE ANN FRANKLIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF K.F., DECEASED**<br><br>*Plaintiff*<br><br>VS.<br><br>**UNION PACIFIC RAILROAD**<br><br>*Defendant* | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE US DISTRICT JUDGE:

COMES NOW **MONICA LEE ANN FRANKLIN**, **Individually and as Representative of the Estate of K.F., Deceased**, ("Plaintiff"), complaining of and about **UNION PACIFIC RAILROAD COMPANY**, ("Defendant" or "Union Pacific"), and for cause of action would show unto the Court the following:

### 1. PARTIES

Plaintiff is a resident citizen of Livingston, Polk County, Texas.

Defendant, **UNION PACIFIC RAILROAD COMPANY**, is a foreign corporation organized of and by virtue of the laws of the state of Delaware.  Defendant may be served by and through its registered agent for service, C.T. Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

### 2. JURISDICTION & VENUE

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 on the grounds of complete diversity, and the amount in controversy exceeds $75,000 exclusive of costs, interest, and attorney's fees.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. § 1402(b), as the Plaintiff resides and has domicile in this district, and a substantial part of the events giving rise to the claim occurred in this district.

### 3. FACTUAL BACKGROUND

On or about September 30, 2021, Plaintiff's infant son was found unresponsive. CPR was initiated and an ambulance dispatched. Plaintiff's infant son could not receive help from emergency responders because the road to their home was blocked by a Union Pacific train. Although the ambulance dispatched was using lights and sirens while enroute to Plaintiff's home, to Plaintiff's knowledge and belief, neither the train's engineer nor conductor attempted to clear the crossing to allow access to the home. The train remained idle on the tracks for over an hour after the emergency call was made. As a result of the delay, the child died.

Plaintiff hereby invokes the provisions of Sec. 71.001, et seq., TEX. REV. CIV. PRAC. & REM. CODE, said provisions covering both wrongful death and survival causes of action.

### 4. NEGLIGENCE

Defendant Union Pacific created a dangerous condition at the railroad crossing by blocking access to emergency responders for which Defendant knew or should have known would cause injury to others. At the creation of this peril, a duty is owed by Union Pacific to exercise reasonable care to avoid injury to Plaintiff. Defendant breached its duty by failing to move the train in a timely manner after notice that a specific emergency existed. In particular, having sole custody and/or control of the unreasonably dangerous condition, Defendant breached the duty owed to Plaintiff by:

(1) unreasonably impeding emergency services;

(2) obstructing emergency vehicle responding to an emergency call for an excessive period of time;

(3) failing to properly yield to emergency responders;

(4) failing to put in place safety procedures to allow for a break in train cars to allow emergency responders to pass;

(5) failing to exercise reasonable care and take the appropriate action corresponding with the unique local and dangerous condition of the railway crossing, which Union Pacific's crew and other employees knew or should have known would block access to emergency responders responding to an emergency call;

(6) Various other acts of negligence to be proved at trial including but not limited to acts of omission and commission.

All of the above acts, wrongs and/or omissions as well as various other acts, wrongs and/or omissions on the part of the Defendant, either individually or collectively, amounted to negligence and were the proximate cause of the resulting damages and injuries suffered to and by the Plaintiff.

Plaintiff would further show that Defendant is vicariously liable for any and all acts of negligence on the part of its agents, employees, servants and/or representatives under the doctrine of *respondeat superior*.

Plaintiff reserves the right to amend this complaint and add, delete and/or modify these allegations as the facts and circumstances may dictate.

### 5.  DAMAGES

As a result of Union Pacific's negligence noted above, Plaintiff would show that she has sustained the following injuries, damages and losses:

Plaintiff, **MONICA FRANKLIN,** is the surviving mother of K.F., and is entitled to recover and sues for the following elements of damages:

(1) Medical and burial expenses;

3

(2) Mental anguish sustained in the past and in reasonable probability will continue into the future, as a result of the death of her son;

(3) Loss of companionship and society sustained in the past and in reasonable probability will continue into the future as a result of the death of her son;  and

(4) Pecuniary loss sustained in the past and in reasonable probability will continue into the future as a result of the death of their mother.

**MONICA FRANKLIN, AS REPRESENTATIVE OF THE ESTATE OF K.F.**, would further show that the Estate of K.F. is entitled to recover, and sues for, physical pain and mental anguish sustained by K.F. prior to his death.

Plaintiff will show that the above-listed elements of damages were proximately caused by the negligence of the Defendant-Union Pacific.

## 6. MALICE

Plaintiff will further show that Defendant's acts or omissions, either jointly or severally, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of the Plaintiff and others.  Therefore, Defendant's actions constituted gross negligence, or *malice*, as that term is defined by law.  Accordingly, Plaintiff is entitled to and hereby sues for punitive and/or exemplary damages.

## 7.

Although the amount to be awarded herein is a matter lying largely within the discretion of the jury, Plaintiff will show that she seeks a sum in excess of the minimum jurisdictional limits of this Court.

Plaintiff also asserts a claim for both pre-judgment and post-judgment interest for all elements of damages, as allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be duly cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against said Defendant for all damages, in a total sum in excess of this Court's minimum jurisdictional requirements, together with both pre-judgment and post-judgment interest, at the legal rate thereon, for costs of court, for punitive and/or exemplary damages, and for such other and further relief, special and general, at law or in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, LLP**

By:   /s/ *B. Adam Terrell*

B. ADAM TERRELL
Texas Bar No. 19790900
2615 Calder, Suite 400 (77702)
Post Office Box 350
Beaumont, TX  77704-0350
Phone:   (409) 838-0101
Fax:       (409) 832-2940
Email:    baterrell@wgttlaw.com
**E-SERVICE:   bterrelledoc@wgttlaw.com**

**MOORE LANDREY, LLP**

By: *s/Tommy L. Yeates*
Tommy L. Yeates
Texas Bar No. 22151100
905 Orleans Street
Beaumont, Texas 77701
Telephone:   (409) 835-3891
Facsimile:    (409) 835-2707
tyeates@moorelandrey.com
ATTORNEYS FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

By: /s/ *B. Adam Terrell*
B. ADAM TERRELL

6